ED REED *et al.* v. STATE.

No. A-3417.    Opinion Filed Oct. 5, 1920.

(192 Pac. 426.)

On supplemental petition for rehearing on behalf of defendant Tom Ford. Former judgment of conviction as to defendant Tom Ford reversed, with directions. For former opinion, see 17 Okla. 662, 191 Pac. 1041.

DOYLE, P. J. Upon motion for leave to file a supplemental petition for rehearing, in behalf of the defendant Tom Ford, upon due consideration of the court, leave was granted to file the same.

It is insisted that the evidence is wholly insufficient to sustain the verdict as against the defendant Ford. Carefully reconsidering the whole testimony in the case, we are satisfied that the contention is well taken. The only evidence to support the verdict as against the defendant Ford, is that he was standing in the second door as the officers passed in; he made no effort to obstruct the officers,

nor was any statement made to him by the officers or by him to the officers at the time the officers passed through the door. The only other evidence which tends inferentially in any way to connect the defendant Ford with the commission of the offense is the implied admission of guilt in the testimony of Deputy Sheriff Brooks, as follows:

"Q. Say you didn't have a conversation with Tom Ford at that time? A. No. sir; I—after we got them all up they asked us to let them down on that as light as we could.

"Q. He said to let them down as light as we could? A. Yes, sir."

It does not appear from the record where such alleged conversation took place, or in what connection the same was made. There is no direct evidence tending to connect Ford with the opening or conducting of the game in question. In the absence of such evidence, after a careful consideration of the record, the court concludes that the implied admission in the form above set out is not sufficient to sustain the verdict as to the defendant Ford, and that the trial court erred in not sustaining the motion of the defendant Ford to direct a verdict of not guilty as to him.

It is therefore ordered and adjudged that the judgment of conviction as to the defendant Tom Ford be reversed, and the district court of Carter county is directed to immediately spread of record this judgment rendered on the subsequent petition for rehearing, and if any commitment has been heretofore issued upon the former judgment of this court, modifying and affirming the sentence as to the defendant Tom Ford, the district court or judge thereof is directed to recall the same and discharge the defendant Tom Ford.

ARMSTRONG and MATSON, JJ., concur.